**Complaints of CHRIST LUTHERAN CHURCH, et al against GAC UTILITIES OF FLORIDA, Inc.**
Docket No. 1-71184-WS, Order No. 5180.
Florida Public Service Commission.
July 30, 1971.

Morton A. Goldberg, Fort Myers, for the complainants.

B. Kenneth Gatlin, Tallahassee, for the respondent.

R. M. C. Rose and Raymond E. Vesterby, Tallahassee, for the commission and the public generally.

BY THE COMMISSION.

Pursuant to notice the commission by its duly designated chief hearing examiner, Harold E. Smithers, and hearing examiner, Leon F. Olmstead, held public hearings on this matter in Cape Coral on May 7 and 19, 1971.

In response to a letter of complaint from the Rev. Everett P. Bunck, pastor of Christ Lutheran Church of Cape Coral, protesting the demand of GAC Utilities Inc. of Florida ("utility" or "respondent") for the sum of $4,725 in charges for sewer availability to the church, this commission, by order no. 5102, initiated an investigation of the alleged unreasonable demands of the respondent for service availability, including in the investigation any additional complaints of customers or prospective customers, filed with the commission, showing that they are similarly situated.

At the hearing, witnesses appeared on behalf of St. Andrew's Catholic Church, Temple Beth El and Ralph Santos, owner of a multiple dwelling, in addition to the initial complainant herein.

Christ Lutheran Church owns approximately six acres, situated in the northeast corner of the intersection of Del Prado and Cornwallis, fronting 523.3 feet on Cornwallis where there is a 12″ sewer main from which it is proposed to serve the church. It is for this sewer service availability the utility seeks $4,725. The church has had water service for several years.

St. Andrew's Catholic Church lies in the northwest corner of the intersection of Del Prado and Southeast 27th Street. It paid $465 to obtain water service in 1966 and was charged $7,250 ($5,000 betterment fee and $2,250 cost of construction) to extend the sewer main 940 feet (the latter refundable over 15 years as other customers hook on to the extension). St. Andrew's has 600 feet bounding on Southeast 27th Street, where the main serving it is located, but the main only extends about 320 feet of the 600 feet. Under the formula applied subsequent to March 15, 1971, its contribution would be $2,800 for the sewer. (320 feet x $9/foot). The amount of contribution for the water service cannot be determined. The recorded actual cost of construction to the utility for the extension and making the service available to St. Andrew's was $11,819.39 through February 28, 1971 ($12.57 per linear foot of sewer line). The connection, negotiations and all charges predated March 15, 1971, the effective date of the current collection charges.

Temple Beth El lies in the southeast corner of the intersection of Southeast 27th Street and Del Prado Parkway. It has a 315 foot frontage on Southeast 27th Street where the sewer line is situated from which it receives service. It was charged $2,835 for sewer service availability under the current formula.

The multiple dwelling owner was apparently charged $7,200 betterment fee for an apartment building on the basis of $850 for each building and $150 for each toilet. The exact method of determining his charges or the amount thereof is somewhat confused;

however, his charges also all precede March 15, 1971, and information to enable comparison under the new formula was not provided.

The utility, faced with rising costs and a prospective $2,000,000 system expansion in 1970 and a like sum for expansion in 1971, determined that a review of its policy on extension fees and charges for new connections was imperative. As an alternative to seeking an increase in rates, the protection of the existing customers and the present rates required new customers to defray a substantial portion of the cost of new water distribution and sewer collection facilities, including service.

To arrive at an equitable allocation of these costs, the total cost of water distribution, sewer collection and service facilities for each were determined (less a commercial area and a main under construction) using the fair value study as of December 31, 1969, for the water system, (ex. 4-A, see ex. 5, schedule A, page 2 and schedule B, page 2) and the cost from the contracts for the construction thereof for the sewer collection system. After determining the total cost of collection and transmission lines and service for the sewer and water systems, respectively, the number of customers served by each system was computed. The number of customers served by the system was then divided into the cost of the respective system, determining a per customer cost of $881 for the sewer collection and service facilities and $274 for the water distribution and service facilities (sheet 4, schedule A, sheet 3, schedule B, exhibit 5). These two items combined were rounded out to $1,200 per residential customer. To apply this cost to other than the usual residential tracts, the company determined that the average residential construction site had frontage of 85 feet which was divided into the $1,200 per customer cost to produce a figure of approximately $14 per front foot, broken down to $9 per front foot for sewer service availability and $5 per front foot for water service availability. (Exact allocation would be $10.36 for the sewer and $3.22 for the water using $881 and $274 — the rounded figures adopted by the company are considered fair and appropriate).

Water and sewer service availability charges as above mentioned, were applied to new connections after March 15, 1971. The charges to Temple Beth El and Christ Lutheran Church were computed subsequent to March 15, 1971 on the basis of $9 and $5, respectively, for water and sewer availability for each linear foot for the customer or prospective customer's property bordering on the street wherein the transmission or connection distribution main was set. St. Andrew's charges were determined prior to March 15, 1971, but by the above determined formula the "betterment fee" would have been about $5,580 based on 320 feet of sewer line in the street

adjoining their property, rather than the total front footage of their property.

It is an unpleasant fact of life that the cost of water and sewer service availability must be paid by the customer, either in the form of a contribution in aid of construction, such as proposed here, or in the form of higher rates. Herein, the company has chosen the former in the interest of avoiding an increase in rates for service. The method of determination fairly and equitably places the cost on the users who benefit. A fair and reasonable method of computation has been used and the costs and amounts of the systems appear accurate. Accordingly, it must be concluded that the charges for service availability by GAC Utilities Inc. of Florida to the complainants are fair and reasonable.

It is therefore ordered that the complaints of Christ Lutheran Church, Temple Beth El, St. Andrew's Catholic Church and Ralph Santo are dismissed.